UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SHIRLEY A. CARTER, | Case No. 15-10039 |
| Plaintiff, | George Caram Steeh |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION GRANTING
DEFENDANT'S MOTION TO DISMISS (Dkt. 11)**

**I.   PROCEDURAL HISTORY**

A.   Proceedings in this Court

On January 7, 2015, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim. (Dkt. 3).

This matter is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction. (Dkt. 11). Plaintiff filed a response on May 8, 2015. (Dkt. 13). Defendant filed a reply brief on May 13, 2015. (Dkt. 14). This matter is now ready for report and recommendation.

B. <u>Administrative Proceedings</u>

Plaintiff first filed an application for disability benefits on May 23, 2011. (Dkt. 11-1, Pg ID 41). Plaintiff's application was denied on initial determination. *Id*. Plaintiff timely requested a hearing before an Administrative Law Judge (ALJ) on or about June 29, 2011. (Dkt. 11-1, Pg ID 41-42). On December 19, 2011, the ALJ issued an unfavorable decision. (Dkt. 11-1, Pg ID 43-46). The ALJ's decision indicated that plaintiff had sixty-five days from the date of the unfavorable decision in which to file an appeal. *Id*. Plaintiff requested review by the Appeals Council on April 13, 2012. (Dkt. 11-1. Pg ID 48). On April 11, 2013, the Appeals Council notified plaintiff that her request for review was filed late and instructed her to submit an explanation for the late filing. *Id*. The Appeals Council received no correspondence from plaintiff explaining the reason for her late filing. (Dkt. 11-1, Ex. 3). On July 5, 2013, the Appeals Council dismissed plaintiff's request for review because it was untimely filed and plaintiff did not establish good cause for the late filing. *Id*.

For the reasons set forth below, the undersigned **RECOMMENDS** that the Commissioner's motion to dismiss be **GRANTED** and that this matter be **DISMISSED**.

**II. PARTIES' ARGUMENTS**

A. <u>The Commissioner's Motion to Dismiss</u>

The Commissioner points to Sections 205(g) and (h) of the Social Security Act, 42 U.S.C. §§ 405(g) and (h), which authorize judicial review in cases arising under the Social Security Act. According to the Commissioner, those provisions also make clear that they are the exclusive jurisdictional basis for judicial review. Section 205(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Section 205(h) then provides:

> No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28, United States Code, to recover on any claim arising under this title.

Thus, the Commissioner contends that Congress has explicitly stated that, in claims arising under the Act, judicial review is permitted only in accordance with § 205(g) of the Act. Accordingly, § 205(g) of the Act is the exclusive jurisdictional basis for judicial review in cases arising under the Act. The Commissioner maintains that this Court lacks jurisdiction in this case because

plaintiff has not identified any final decision of the Commissioner subject to judicial review under § 205(g) of the Act with respect to her application for disability benefits.

Here, the Commissioner points out that plaintiff filed a request for a review of the unfavorable decision more than 65 days after the date that the ALJ issued his decision on her disability claim. (Dkt. 11). Plaintiff does not deny receiving the notice of unfavorable decision within five days of December 19, 2011. *Id*. Plaintiff provided no explanation for the late filing of her request for review and thus, did not establish good cause for missing the deadline to request review of the ALJ's unfavorable decision. (Dkt. 11). According to the Commissioner, the notice of dismissal issued by the Appeals Council in this case was not a final decision for purposes of judicial review. *See Hilmes v. Sec'y of Health & Human Servs.*, 983 F.2d 67, 69 (6th Cir. 1993)(denying request for a hearing on the grounds of untimeliness is not a final decision and is not judicially reviewable); *see also Brandyburg v. Sullivan*, 959 F.2d 555 (5th Cir. 1992) ("Courts have been virtually unanimous in holding . . . that these determinations of whether to extend for cause the limitations periods prescribed by regulation are not 'final decisions' within the meaning of section 405(g) and are hence unreviewable."); *Bacon v. Sullivan*, 969 F.2d 1517, 1520-21 (3d Cir. 1992); *Matlock v. Sullivan*, 908 F.2d 492, 493 (9th Cir. 1990); *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986);

*Smith v. Heckler*, 761 F.2d 516, 518-19 (8th Cir 1985). As such, there is no jurisdiction under 42 U.S.C. § 405(g) to review the decision reached by the ALJ in the instant case. Because plaintiff has not exhausted her administrative remedies before filing this action, the Commissioner maintains that her complaint should be dismissed.

    B.    <u>Plaintiff's Response</u>

On May 8, 2105, plaintiff, proceeding pro se, filed a one-page letter opposing the Commissioner's motion. Plaintiff's letter complains that her monthly SSI payments were cut from $727 to $464 because of a $252 monthly benefit her husband was receiving from the Veterans' Administration. (Dkt. 13). Plaintiff further argues that this reduction of benefits violates her constitutional rights of "due process of Law and equal rights under Law." *Id*.

    C.    <u>The Commissioner's Reply</u>

In its reply brief, the Commissioner notes that plaintiff alleges her benefits were wrongly reduced as opposed to wrongly denied. (Dkts. 13, 14). The Commissioner surmises from this allegation that plaintiff was awarded benefits on a subsequent application. The Commissioner argues that, if this is the case, plaintiff's complaint is still subject to dismissal for lack of subject matter jurisdiction in that plaintiff has not identified any final decision that is subject to judicial review. *See* 42 U.S.C. § 405(g)-(h) (judicial review is limited to

"any final decision of the Commissioner made after a hearing to which [s]he was a party");*Weinberger v. Salfi*, 422 U.S. 749, 763-66 (1975) (courts have jurisdiction to review only final decisions).

The Commissioner also contends that plaintiff's invocation of due process rights does not advance her claim. (Dkts 13, 14).  Although the Social Security Act does not constrict the Court's authority to decide a colorable due process claim, *see Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir. 1992), according to the Commissioner, plaintiff does not allege any facts or circumstances giving rise to such a colorable claim. (Dkt. 14).  The Commissioner argues that "mere incantation of the Constitution is insufficient to raise a constitutional issue." *Vanderpool v. Comm'r of Soc. Sec.*, 2013 WL 5450276, at *12 (E.D. Mich. Sept. 30, 2013); see *Aichai Hu v. Holder*, 335 F. App'x 510, 514 (6th Cir. 2009) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."); *cf. Ingram v. Sec'y of Health & Human Servs.*, 830 F.2d 67, 67 (6th Cir. 1987) ("Simply couching in constitutional language what is in reality an argument that the Secretary abused his discretion in refusing to re-open a claim, does not convert the argument into a colorable constitutional challenge.").

### III.   ANALYSIS AND CONCLUSION

If a claimant fails to timely request review from the Appeals Council, there

is simply no final decision, and as a result, no judicial review in most cases. *Sims v. Apfel*, 530 U.S. 103, 107, 120 S.Ct. 2080, 147 L. Ed. 2d 80 (2000)(citing 20 C.F.R. § 404.900(b) and *Bowen v. City of New York*, 476 U.S. 467, 482-83, 106 S. Ct. 2022, 90 L. Ed. 2d 462 (1986)). Although an otherwise unappealable administrative decision may be reviewable on independent constitutional grounds, absent any colorable constitutional claim that is independent of the alleged entitlement to benefits, a federal court has no jurisdiction to review the SSA Appeals Council's decision not to allow untimely review or otherwise reopen a case. *Leach v. Comm'r of Soc. Sec.*, 145 F.3d 1332 (6th Cir. 1998)(citing *Cottrell v. Sullivan*, 987 F.2d 342, 345 (6th Cir.1992); *see also, Ferguson v. Comm'r of Soc. Sec.*, 2008 WL 243955 at *4 (W.D. Mich., Jan. 28, 2008). As the Sixth Circuit stated in a similar case,

> "plaintiff alleges that her due process rights were violated. But *plaintiff will not now be heard to complain that she was somehow denied the opportunity to pursue her administrative remedies when in fact she simply failed to pursue those remedies in a timely manner*...Plaintiff's challenge to the order of the [SSA Appeals Council] does not amount to a constitutional claim."

*Id.* (quoting *Coleman v. Comm'r of Soc. Sec.*, 125 F.3d 855, 1997 WL 539674, at *3)(emphasis in *Ferguson*).

Here, as in *Ferguson*, the record discloses no colorable constitutional claim that would authorize this court to review the Appeals Council's determination that

plaintiff failed, without good cause, to seek Council review within sixty days of receiving the ALJ's decision. Accordingly, the undersigned finds that this court lacks subject-matter jurisdiction to review the ALJ's decision regarding benefits or the Appeals Council's determination that plaintiff's request for review was untimely without good cause.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the Commissioner's motion to dismiss be **GRANTED** and that this matter be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: July 22, 2015                                s/Michael Hluchaniuk
                                                   Michael Hluchaniuk
                                                   United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I certify that on July 22, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participant: Shirley A. Carter, 20800 Wyoming, Apt. 415, Ferndale, MI 48220.

                                                   s/Tammy Hallwood
                                                   Case Manager
                                                   (810) 341-7887
                                                   tammy_hallwood@mied.uscourts.gov

9